IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT McEWAN,

    Plaintiff,

v.  No. 1:16-cv-01272

SAFECO INSURANCE COMPANY OF AMERICA,

    Defendant.

## NOTICE OF REMOVAL

    Defendant Safeco Insurance Company of America ("Safeco"), by through its attorneys of record, RAY, MCCHRISTIAN & JEANS, P.C. (Shannon A. Parden and Shona L. Zimmerman), hereby files this Notice of Removal of the above-captioned matter to the United States District Court of New Mexico from the First Judicial District Court, County of Santa Fe, State of New Mexico, as provided by 28 U.S.C. §§ 1441, 1146.  Safeco states as follows:

    1.    Plaintiff Robert McEwan commenced this action in the First Judicial District Court of the State of New Mexico on October 7, 2016.  Plaintiffs filed a First Amended Complaint for Money Damages on October 11, 2016.  Safeco was served with the Summons and First Amended Complaint on October 24, 2016. This Notice of Removal is timely.

    2.    This is a civil action, of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332.  This cause of action may be removed to this Court pursuant to 28 U.S.C. § 1441, in that it is a civil action wherein the matter in controversy exceeds the sum or value of seventy five thousand dollars ($75,000.00), exclusive of interest or costs, and the Plaintiff and Defendant are citizens of different states.

    3.    Upon information and belief, Plaintiff is a resident of San Juan County, State of New Mexico.  Safeco is a foreign corporation incorporated under the laws of the State of New

Hampshire, with its principal place of business located in Boston, Massachusetts. Safeco is authorized to do business in the State of New Mexico. The parties are diverse.

4. In his Complaint, Plaintiff asserts a third-party bad faith claim based on Safeco's alleged violations of the New Mexico Unfair Claims Practices Act relating to its adjustment and defense of Plaintiff's personal injury and property damage claims. Plaintiff's Complaint has its origin in a March 10, 2010 motor vehicle accident between Plaintiff and Safeco's insured Kimberly Casaus in San Juan County. Plaintiff brought a lawsuit against Ms. Casaus that resulted in a jury verdict for Plaintiff in the amount of $13,091.16.

5. Plaintiff seeks damages for Safeco's alleged statutory bad faith in adjusting Plaintiff's liability claim against its insured. In addition to actual, nominal, or statutory damages, Plaintiffs seek punitive damages and disgorgement of all profits Safeco earned for its alleged misconduct. If Safeco's purported profit cannot be calculated, Plaintiff requests disgorgement of the amounts Safeco paid for its handling of the underlying claim. Plaintiffs also seek statutory attorney fees under the New Mexico Unfair Claims Practices Act, costs, and interest. *See* NMSA 1978, § 59A-16-30 (1984).

6. On August 31, 2016, before filing the subject lawsuit and incurring any attorney fees as a result of the instant lawsuit, Plaintiff demanded $50,000.00 to settle his statutory third-party bad faith claim against Safeco ("*Hovet*" claim). *See* Email Correspondence from Richard Valles to Max Jones, dated 08/31/16, attached hereto as **Exhibit A**.

7. Based upon the facts alleged in the Complaint and the damages Plaintiff seeks in this suit, Plaintiff seeks damages in excess of the jurisdictional requirement contained in 28 U.S.C. § 1332. Determining the amount in controversy is based on a preponderance of the evidence standard. 28 U.S.C. § 1446(c)(2). The amount in controversy "is not the amount the

plaintiff will recover, but rather an estimate of the amount that will be put at issue in the course of the litigation." *Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1245 (10th Cir. 2012). Attorney fees, where specifically permitted by statute, may also be considered as part of the amount-in-controversy for purposes of federal diversity jurisdiction. *See Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933); *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1988) ("The Supreme court has long held that when a statute permits recovery of attorney's fees, a reasonable estimate maybe used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship."); *Salazar v. Geico Ins. Co.,* 2010 WL 2292930, *6 (D.N.M. April 27, 2010) (Browning, J.) ("The law is now quite settled as the many illustrative cases . . . indicate, that the amount expended for attorney's fees are a part of the matter in controversy for subject matter jurisdiction purposes when they are provided for by contract or by state statute.") (quoting 14AA C. Wright & A. Miller, Fed. Prac. & Proc. Juris § 3712, at 289-91 (2009)).   A federal court determines the amount in controversy on the facts as they exist at the time defendant files a notice of removal. *See Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001); *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *see also* Declaration of Shannon Parden, attached hereto as **Exhibit B**.

8.    Safeco anticipates that Plaintiff's attorney fees will exceed $30,000 in this matter, bringing the amount of potential damages, if the jury accepts them, to a minimum of $80,000.00 and thereby satisfying the $75,000.00 jurisdictional minimum. *See* **Exhibit B.**

9.    In *Martinez-Wechsler v. Safeco Ins. Co. of America*, CIV 12-0738 (KBM/ACT) (D.N.M. September 13, 2012) (Molzen, J.) (unpublished), attached hereto as **Exhibit C**, the court held that defendant showed by a preponderance of the evidence that the amount in controversy exceeded $75,000.00 even though plaintiff was previously prepared to accept

$45,100.00 in full settlement of her claims related to an underlying car accident. There, plaintiff did not mention a dollar amount or otherwise estimate damages in her complaint. Plaintiff alleged six counts against defendant insurer, including claims for violation of the New Mexico Unfair Practices Act and the New Mexico Unfair Insurance Practices Act. *Id.* at p. 8. In addition to compensatory damages, plaintiff sought "punitive or treble damages, costs, pre-judgment and post-judgment interest, attorneys' fees, expenses and costs of suit, and such other relief as the Court deems just and proper." *Id.* Judge Molzen reasoned that because plaintiff alleged additional claims against the insurer, including statutory and breach of contract claims, it was not unreasonable to think that plaintiff might be seeking more than the $45,100.00 she was once willing to accept. *Id.* The court further considered that plaintiff sought attorney fees in her lawsuit and refused to stipulate that she was not seeking damages in excess of $75,000. *Id.* at p. 9; *see also Jamison v. State Farm Gen. Ins. Co.*, Nos. CV 98-1004 BB/RLP, pp. 4-5 (D.N.M. Dec. 7, 1998) (unpublished), attached hereto as **Exhibit D** (recognizing that while "courts have noted that a refusal to . . . stipulate does not, of itself, establish the requisite amount in controversy, trial courts . . . considered a plaintiff's unwillingness to stipulate to damages less than the jurisdictional minimum as a significant factor in determining whether remand is appropriate").

10. Defendant attaches to this Notice, as **Exhibit E**, a copy of all process and pleadings served upon them in this cause of action and all other documents filed in New Mexico State Court.

11. The Civil Cover Sheet is attached hereto as **Exhibit F**.

12. Safeco will give written notice of the filing of this notice as required by 28 U.S.C. § 1446(d).

WHEREFORE, Safeco respectfully requests that this action proceed in this Court as an action properly removed to it.

>Respectfully submitted,
>
>RAY, MCCHRISTIAN & JEANS, P.C.
>
>By: /s/ Shannon A. Parden
>    Shannon A. Parden
>    Shona L. Zimmerman
>    6000 Uptown Blvd. NE, Suite 307
>    Albuquerque, New Mexico 87110
>    Tel. (505) 855-6000
>    Fax (505) 212-0140
>    sparden@rmjfirm.com
>    szimmerman@rmjfirm.com
>    *Attorneys for Safeco Insurance*
>    *Company of America*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was served by email and through the Court's CM/ECF system this 18th day of November, 2016 to all counsel of record as follows:

Richard J. Valle
Andrea D. Harris
CARTER & VALLE LAW FIRM, P.C.
8012 Pennsylvania Circle NE
Albuquerque, NM 87110
Tel. 505-888-4357
rv@carterlawfirm.com
adh@carterlawfirm.com

Emeterio L. Rudolfo
Law Office of Emeterio L. Rudolfo
2713 E. 20th St., Suite D
Farmington, NM 87402
Tel. 505-325-8242
emet.rudolfo@gmail.com

>   */s/ Shannon A. Parden*
>   Shannon A. Parden