FILED IN MY OFFICE
DISTRICT COURT CLERK
10/7/2016 2:50:03 PM
STEPHEN T. PACHECO
Maureen Naranjo

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

No. D-101-CV-2016-02365
Case assigned to Singleton, Sarah

ROBERT McEWAN,
    Plaintiff,

v.

SAFECO INSURANCE COMPANY OF AMERICA,
    Defendant.

## PLAINTIFF'S COMPLAINT FOR MONEY DAMAGES

**COMES NOW** Plaintiff Robert McEwan, by and through his counsel of record, CARTER & VALLE LAW FIRM, (Richard J. Valle and Andrea D. Harris) and Emeterio L. Rudolfo (Emeterio L. Rudolfo) and for his Complaint states as follows:

1. Plaintiff McEwan is currently a resident of San Juan County, State of New Mexico.

2. Upon information and belief, Defendant SAFECO Insurance Company of America ("SAFECO") is a foreign corporation, doing business in New Mexico with its agent for service of process in Santa Fe County.

3. Venue in this court is proper.

4. This court has jurisdiction of the parties and subject matter herein.

5. On March 10, 2010, Plaintiff was injured by the negligence of Kimberly Casaus, an insured under the SAFECO Policy.

6. Before filing suit, Plaintiff made a claim with SAFECO.

7. Before filing suit, Plaintiff provided SAFECO with certain information concerning his claim.

8. Before filing suit, Plaintiff requested SAFECO settle his personal injury claim.

1



9. SAFECO had a duty to promptly settle Plaintiff's personal injury claim as the fault on the part of the SAFECO insured was reasonably clear.

10. In response to Plaintiff's request to settle, SAFECO asserted that tortfeasor Casaus was 65% responsible for the crash.

11. SAFECO insisted Plaintiff was 35% responsible for the crash despite the fact that SAFECO's insured pled guilty to the criminal events arising from the crash.

12. Tortfeasor Casaus was cited for failing to maintain her lane.

13. Tortfeasor Casaus pled guilty to failing to maintain her lane.

14. Despite this admission of wrongdoing by Tortfeasor Casaus, Defendant SAFECO still failed to pay the undisputed damages caused by the crash.

15. By failing to settle Plaintiff's insurance claim, SAFECO negligently, willfully or recklessly violated its duties under the New Mexico Insurance Code.

16. On information and belief, SAFECO acted pursuant to a policy and practice of denying or delaying resolution of claims when the fault on the part of the SAFECO insured was reasonably clear.

17. On March 8, 2013, Plaintiff filed suit in San Juan County against tortfeasor Casaus and SAFECO.

18. After filing the San Juan County Complaint, the March 8, 2013 date of filing appeared on the front of the Complaint.

19. After the San Juan County suit was filed, SAFECO further engaged in a policy and practice of denying or delaying resolution of Plaintiff's claims by asserting frivolous defenses.

20. For example, Defendant SAFECO asserted in its Fourth Affirmative defense to the San Juan County suit that the suit should be dismissed "based on a lack of personal jurisdiction."

21. At the time of the crash Tortfeasor Casaus was a resident of San Juan County.

22. The crash occurred in San Juan County.

23. At all relevant times the San Juan County court had jurisdiction over tortfeasor Casaus.

24. SAFECO's Fourth Affirmative defense of a lack of personal jurisdiction lacked any basis in fact or law.

25. In another example, Defendant SAFECO asserted in its Sixth Affirmative defense that the suit was barred because of the three year statute of limitation.

26. Plaintiff filed the San Juan County suit before the expiration of the three year statute of limitations.

27. SAFECO's Sixth Affirmative defense of the three year statute of limitation lacked any basis in fact or law.

28. Likewise, Defendant SAFECO asserted in its Seventh Affirmative defense to the San Juan County suit that the suit's property damage claim was barred because of the four year statute of limitation.

29. Plaintiff filed the San Juan County suit before the expiration of the four year statute of limitations.

30. SAFECO's Seventh Affirmative defense of the four year statute of limitation lacked any basis in fact or law.

31. After filing suit, Defendant still failed to tender its evaluated damages arising from the San Juan County crash.

32. At trial, Defendant SAFECO called a chiropractic expert witness who agreed that between 9 to 11 chiropractic visits were reasonable and necessary because of the crash.

33. Defendant SAFECO knew in advance of trial that its witness would testify to approximately $1,000.00 in special damages caused by the crash.

34. Defendant SAFECO knew in advance of trial the undisputed amount of property damage caused by the crash.

35. Defendant SAFECO still refused to tender the undisputed damages caused by the crash.

36. On information and belief, Defendant SAFECO engaged in claims practices to deny payment of claims and to discourage the filing of claims against SAFECO insureds.

37. On information and belief, SAFECO's practices increase SAFECO's profits and is contrary to New Mexico public policy and law.

38. Shortly before trial, on or about July 25, 2016, Plaintiff demanded $14,500.00 to settle his claims in the San Juan County suit.

39. In response to the $14,500.00 settlement offer, Defendant SAFECO offered nothing to settle Plaintiff's claims.

40. Plaintiff tried his San Juan County claims and on July 28, 2016, the jury returned a verdict finding 100% of the fault for the crash on Defendant Casaus.

41. The San Juan County jury found damages at $13,091.16.

42. Plaintiff is also entitled to an additional amount of costs for the San Juan County jury verdict.

43. The San Juan County court entered judgment for the Plaintiff on August 5, 2016.

44. Defendant SAFECO has not paid the San Juan County judgment.

45. Defendant SAFECO has not appealed the San Juan County judgment.

4

46. On information and belief, Defendant SAFECO spent more than $15,000.00 in legal fees and costs in refusing to pay the 65% of undisputed damages.

47. Pursuant to the New Mexico Unfair Claims Practices Act, Defendant SAFECO owed Plaintiff a duty of good faith and fair dealing.

48. Defendant SAFECO did not in good faith attempt to effectuate a prompt, fair and reasonable settlement of Plaintiff's claims.

49. Defendant SAFECO never paid its own internal evaluation of Plaintiff's damages.

50. Even after judgment was entered, Defendant SAFECO delayed almost 60 days after the date judgment was entered before tendering payment on the judgment.

51. Defendant SAFECO acted willfully, recklessly or maliciously.

52. Plaintiff has sustained actual damages as a result of the delay by Defendant.

53. Defendant SAFECO acted with a culpable mindset and it should disgorge all profits earned by its misconduct.

54. Defendant SAFECO acted with a culpable mindset and punitive damages should be awarded to punish defendant for its misconduct and to deter from acting this way in the future.

**WHEREFORE**, Plaintiff prays that the Court enter judgment in favor of Plaintiff, with an award of all damages, punitive, actual, nominal or statutory to which Plaintiff is entitled, disgorgement of all profits earned by SAFECO for its misconduct, or in the event that the amount of profit earned by SAFECO cannot be calculated, by disgorgement of the amounts SAFECO paid for its handling of the underlying claim, as well as all costs, interest and fees as allowed by law, and for such other relief as would be just.

Respectfully submitted,

CARTER & VALLE LAW FIRM, P.C.

_/s/Richard J. Valle_
Richard J. Valle
Andrea D. Harris
8012 Pennsylvania Circle NE
Albuquerque, NM 87110
PHONE: (505) 888-4357
rv@carterlawfirm.com
adh@carterlawfirm.com

and

Emeterio L. Rudolfo
2713 E. 20th St., Suite D
Farmington, NM 87402
Emet.rudolfo@gmail.com

6



# Notice of Service of Process

**SOP / ALL**
**Transmittal Number: 15785295**
**Date Processed: 10/25/2016**

| | |
|---|---|
| **Primary Contact:** | Arlene Smith<br>Liberty Mutual Insurance Company<br>175 Berkeley Street<br>Boston, MA 02166 |
| **Entity:** | Safeco Insurance Company Of America<br>Entity ID Number  2781189 |
| **Entity Served:** | Safeco Insurance Co. of America |
| **Title of Action:** | Robert McEwan vs. Safeco Insurance Company of America |
| **Document(s) Type:** | Summons and Amended Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Santa Fe County District Court, New Mexico |
| **Case/Reference No:** | D-101-CV-2016-02365 |
| **Jurisdiction Served:** | New Mexico |
| **Date Served on CSC:** | 10/24/2016 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | NM Office of Superintendent of Insurance on 10/19/2016 |
| **How Served:** | Certified Mail |
| **Sender Information:** | Richard J. Valle<br>505-888-4357 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscglobal.com

STATE OF NEW MEXICO
**OFFICE OF SUPERINTENDENT OF INSURANCE**
Mailing Address: P.O. Box 1689, Santa Fe, NM 87504-1689
Physical Address: 1120 Paseo de Peralta, Room 428, Santa Fe, NM 87501
Main Phone: (505) 827-4601; Main Fax (505) 827-4734; Toll Free: 1-855-4-ASK-OSI
www.osi.state.nm.us

**SUPERINTENDENT OF INSURANCE**
John G. Franchini – (505) 827-4299

**DEPUTY SUPERINTENDENT**
Robert Doucette – (505) 827-4439

**Service of Process**
Room 432
(505) 827-4241

October 19, 2016

Safeco Insurance Co. of America
C/O Corporation Service Company
123 E. Marcy St. Ste. 101
Santa Fe, NM 87501

Re: Robert Mc Ewan Vs Safeco Insurance Company of America,
D101CV2016-02365

Dear Mr. President:

In accordance with the provisions of NMSA 1978, Sections 59A-5-31 & 59A-32, enclosed is a copy of a Summons, and Plaintiff's First Amended Complaint for Money Damages, to Defendant Safeco Insurance Company of America on the above styled cause, Service has been accepted on your behalf as of October 19, 2016.

Respectfully,

John G. Franchini, Superintendent

Enclosure
CERTIFIED MAIL 7009 2250 0004 2794 1334

FILED IN MY OFFICE
DISTRICT COURT CLERK
10/11/2016 2:57:23 PM
STEPHEN T. PACHECO
Jessica Garcia

## SUMMONS

**FIRST JUDICIAL DISTRICT COURT**  
**COUNTY OF SANTA FE**  
**STATE OF NEW MEXICO**

Case Number: D-101-CV-2016-02365

| | | |
|---|---|---|
| **Court Contact Information:** | Judge Steve Herrera Judicial Complex<br>225 Montezuma Avenue<br>Santa Fe, New Mexico 87504-2268 | **Judge:** Sarah Singleton |

**ROBERT McEWAN,**
   **Plaintiff,**

v.

**SAFECO INSURANCE COMPANY OF AMERICA,**
   **Defendants.**

Defendant Name: Safeco Insurance Company of America
Address: c/o Office of Superintendent of Insurance

**TO THE ABOVE NAMED DEFENDANT(S):**    Take notice that

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.
2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA). The Court's address is listed above.
3. You must file (in person or by mail) your written responses with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.
4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.
5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.
6. If you need an interpreter, you must ask for one in writing.
7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Santa Fe, New Mexico, this __11th__ day of __October__, 2016.

Stephen T. Pacheco
CLERK OF COURT
By: _____
   DEPUTY

/s/ Richard J. Valle
Richard J. Valle
Andrea D. Harris
CARTER & VALLE LAW FIRM, PC
8012 Pennsylvania Circle, N.E.
Albuquerque, NM 87110
PH: 505-888-4357
FAX: 505-883-5613
Email: rv@carterlawfirm.com
   adh@carterlawfirm.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

RECEIVED

OCT 1 9 2016

Office of Superintendent
of Insurance

**RETURN**

STATE OF NEW MEXICO    )
                       )ss.
COUNTY OF BERNALILLO   )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, 2016, by delivering a copy of this Summons; and the Complaint for Unfair Practices, Insurance Bad Faith and Related Causes of Action to Defendant, in the following manner:

**(check one box and fill in appropriate blanks)**
[ ]   to the defendant _____ *(used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint)*
[ ]   to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA *(used when service is by mail or commercial courier service)*.

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]   to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, *(used when the defendant is not presently at place of abode)* and by mailing by first class mail to the defendant at _____ *(insert defendant's last known mailing address)* a copy of the summons and complaint.

[ ]   to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ *(insert defendant's business address)* and by mailing the summons and complaint by first class mail to the defendant at _____ *(insert defendant's last known mailing address)*.

[ ]   to _____, an agent authorized to receive service of process for defendant _____.

[ ]   to _____, [parent] [guardian] [custodian] [conservator] [guardian *ad litem*] of defendant _____ *(used when defendant is a minor or an incompetent person)*.

[ ]   to _____ *(name of person)*, _____, *(title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision)*.

Fees: _____

_____
Signature of person making service

_____
Title *(if any)*

Subscribed and sworn to before me this _____ day of _____, 2016, by _____.

_____
Judge, notary or other officer authorized to administer oaths

_____
Official Title

My commission expires:

2

USE NOTES
1. Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.
2. If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1998; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

Case 1:16-cv-01272-WPL-SMV   Document 1-5   Filed 11/18/16   Page 12 of 20

FILED IN MY OFFICE
DISTRICT COURT CLERK
10/11/2016 2:55:22 PM
STEPHEN T. PACHECO
Gloria Landin

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIURST JUDICIAL DISTRICT COURT

No.  D-101-CV-2016-02365
Judge Sarah Singleton

ROBERT McEWAN,
    Plaintiff,

v.

SAFECO INSURANCE COMPANY OF AMERICA,
    Defendant.

### PLAINTIFF'S FIRST AMENDED COMPLAINT FOR MONEY DAMAGES

**COMES NOW** Plaintiff Robert McEwan, by and through his counsel of record, CARTER & VALLE LAW FIRM, (Richard J. Valle and Andrea D. Harris) and Emeterio L. Rudolfo (Emeterio L. Rudolfo) and for his First Amended Complaint states as follows:

1. Plaintiff McEwan is currently a resident of San Juan County, State of New Mexico.

2. Upon information and belief, Defendant SAFECO Insurance Company of America ("SAFECO") is a foreign corporation, doing business in New Mexico with its agent for service of process in Santa Fe County.

3. Venue in this court is proper.

4. This court has jurisdiction of the parties and subject matter herein.

5. On March 10, 2010, Plaintiff was injured by the negligence of Kimberly Casaus, an insured under the SAFECO Policy.

6. Before filing suit, Plaintiff made a claim with SAFECO.

7. Before filing suit, Plaintiff provided SAFECO with certain information concerning his claim.

8. Before filing suit, Plaintiff requested SAFECO settle his personal injury claim.

1

9. SAFECO had a duty to promptly settle Plaintiff's personal injury claim as the fault on the part of the SAFECO insured was reasonably clear.

10. In response to Plaintiff's request to settle, SAFECO asserted that tortfeasor Casaus was 65% responsible for the crash.

11. SAFECO insisted Plaintiff was 35% responsible for the crash despite the fact that SAFECO's insured pled guilty to the criminal events arising from the crash.

12. Tortfeasor Casaus was cited for failing to maintain her lane.

13. Tortfeasor Casaus pled guilty to failing to maintain her lane.

14. Despite this admission of wrongdoing by Tortfeasor Casaus, Defendant SAFECO still failed to pay the undisputed damages caused by the crash.

15. By failing to settle Plaintiff's insurance claim, SAFECO negligently, willfully or recklessly violated its duties under the New Mexico Insurance Code.

16. On information and belief, SAFECO acted pursuant to a policy and practice of denying or delaying resolution of claims when the fault on the part of the SAFECO insured was reasonably clear.

17. On March 8, 2013, Plaintiff filed suit in San Juan County against tortfeasor Casaus and SAFECO.

18. After filing the San Juan County Complaint, the March 8, 2013 date of filing appeared on the front of the Complaint.

19. After the San Juan County suit was filed, SAFECO further engaged in a policy and practice of denying or delaying resolution of Plaintiff's claims by asserting frivolous defenses.

20. For example, Defendant SAFECO asserted in its Fourth Affirmative defense to the San Juan County suit that the suit should be dismissed "based on a lack of personal jurisdiction."

21. At the time of the crash Tortfeasor Casaus was a resident of San Juan County.

22. The crash occurred in San Juan County.

23. At all relevant times the San Juan County court had jurisdiction over tortfeasor Casaus.

24. SAFECO's Fourth Affirmative defense of a lack of personal jurisdiction lacked any basis in fact or law.

25. In another example, Defendant SAFECO asserted in its Sixth Affirmative defense that the suit was barred because of the three year statute of limitation.

26. Plaintiff filed the San Juan County suit before the expiration of the three year statute of limitations.

27. SAFECO's Sixth Affirmative defense of the three year statute of limitation lacked any basis in fact or law.

28. Likewise, Defendant SAFECO asserted in its Seventh Affirmative defense to the San Juan County suit that the suit's property damage claim was barred because of the four year statute of limitation.

29. Plaintiff filed the San Juan County suit before the expiration of the four year statute of limitations.

30. SAFECO's Seventh Affirmative defense of the four year statute of limitation lacked any basis in fact or law.

31. After filing suit, Defendant still failed to tender its evaluated damages arising from the San Juan County crash.

32. At trial, Defendant SAFECO called a chiropractic expert witness who agreed that between 9 to 11 chiropractic visits were reasonable and necessary because of the crash.

33. Defendant SAFECO knew in advance of trial that its witness would testify to approximately $1,000.00 in special damages caused by the crash.

34. Defendant SAFECO knew in advance of trial the undisputed amount of property damage caused by the crash.

35. Defendant SAFECO still refused to tender the undisputed damages caused by the crash.

36. On information and belief, Defendant SAFECO engaged in claims practices to deny payment of claims and to discourage the filing of claims against SAFECO insureds.

37. On information and belief, SAFECO's practices increase SAFECO's profits and is contrary to New Mexico public policy and law.

38. Shortly before trial, on or about July 25, 2016, Plaintiff demanded $14,500.00 to settle his claims in the San Juan County suit.

39. In response to the $14,500.00 settlement offer, Defendant SAFECO offered nothing to settle Plaintiff's claims.

40. Plaintiff tried his San Juan County claims and on July 28, 2016, the jury returned a verdict finding 100% of the fault for the crash on Defendant Casaus.

41. The San Juan County jury found damages at $13,091.16.

42. Plaintiff is also entitled to an additional amount of costs for the San Juan County jury verdict.

43. The San Juan County court entered judgment for the Plaintiff on August 5, 2016.

44. Defendant SAFECO has not appealed the San Juan County judgment.

45. On information and belief, Defendant SAFECO spent more than $15,000.00 in legal fees and costs in refusing to pay the 65% of undisputed damages.

46. Pursuant to the New Mexico Unfair Claims Practices Act, Defendant SAFECO owed Plaintiff a duty of good faith and fair dealing.

47. Defendant SAFECO did not in good faith attempt to effectuate a prompt, fair and reasonable settlement of Plaintiff's claims.

48. Defendant SAFECO never paid its own internal evaluation of Plaintiff's damages.

49. Even after judgment was entered, Defendant SAFECO delayed almost 60 days after the date judgment was entered before tendering payment on the judgment.

50. Defendant SAFECO acted willfully, recklessly or maliciously.

51. Plaintiff has sustained actual damages as a result of the delay by Defendant.

52. Defendant SAFECO acted with a culpable mindset and it should disgorge all profits earned by its misconduct.

53. Defendant SAFECO acted with a culpable mindset and punitive damages should be awarded to punish defendant for its misconduct and to deter from acting this way in the future.

**WHEREFORE**, Plaintiff prays that the Court enter judgment in favor of Plaintiff, with an award of all damages, punitive, actual, nominal or statutory to which Plaintiff is entitled, disgorgement of all profits earned by SAFECO for its misconduct, or in the event that the amount of profit earned by SAFECO cannot be calculated, by disgorgement of the amounts SAFECO paid for its handling of the underlying claim, as well as all costs, interest and fees as allowed by law, and for such other relief as would be just.

        Respectfully submitted,

        CARTER & VALLE LAW FIRM, P.C.

        */s/Richard J. Valle*
        Richard J. Valle
        Andrea D. Harris
        8012 Pennsylvania Circle NE
        Albuquerque, NM 87110
        PHONE: (505) 888-4357
        rv@carterlawfirm.com
        adh@carterlawfirm.com

        and

        Emeterio L. Rudolfo
        2713 E. 20th St., Suite D
        Farmington, NM 87402
        *Emet.rudolfo@gmail.com*

Office of Supe
Service of Pro
PO Box 1689
Santa Fe, NM 87504-1689

7009 2250 0004 2794 1334

U.S POSTAGE ❯❯ PITNEY BOWES
ZIP 87501 $ 007.36⁰
02 4W
0000340467 OCT 20 2016

Safeco Insurance Co. of America
C/O Corporation Service Company
123 E. Marcy St. Ste. 101
Santa Fe, NM 87501



FILED IN MY OFFICE
DISTRICT COURT CLERK
10/7/2016 2:50:03 PM
STEPHEN T. PACHECO
Maureen Naranjo

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIURST JUDICIAL DISTRICT COURT

No.     D-101-CV-2016-02365
Case assigned to Singleton, Sarah

ROBERT McEWAN,
    Plaintiff,

v.

SAFECO INSURANCE COMPANY OF AMERICA,
    Defendant.

## JURY DEMAND

COMES NOW Plaintiff Robert McEwan, by and through his attorneys, Carter & Valle Law Firm, P.C. (Richard J. Valle and Andrea D. Harris) and requests a trial by a jury of six (6) persons on all issues in the above-captioned matter.

Respectfully submitted,

CARTER & VALLE LAW FIRM, P.C.

/s/Richard J. Valle
Richard J. Valle
Andrea D. Harris
8012 Pennsylvania Circle NE
Albuquerque, NM 87110
PHONE: (505) 888-4357
rv@carterlawfirm.com
adh@carterlawfirm.com

and

Emeterio L. Rudolfo
2713 E. 20th St., Suite D
Farmington, NM 87402
Emet.rudolfo@gmail.com

1

FILED IN MY OFFICE
DISTRICT COURT CLERK
11/7/2016 1:20:52 PM
STEPHEN T. PACHECO
Victoria Martinez

## STATE OF NEW MEXICO
## OFFICE OF THE SUPERINTENDENT OF INSURANCE

### CERTIFICATE

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

D-101-CV-2016-02365

ROBERT McEWAN,
    Plaintiff,

Vs.

SAFECO INSURANCE COMPANY OF AMERICA,
    Defendants.

#### ACCEPTANCE OF SERVICE

I, John G. Franchini, Superintendent of Insurance of the State of New Mexico, do hereby certify that a copy of a Summons, and Plaintiff's First Amended Complaint for Money Damages, to Defendant Safeco Insurance Company of America was sent to Defendant SAFECO INSURANCE COMPANY OF AMERICA on October 19, 2016 as provided in Section 59A-5-31 and 59A-5-32 NMSA 1978, and was received by said company on October 24, 2016 as shown by return receipt by Postmaster.

In hereunto set my official seal on this 4th day of November, 2016

John D. Franchini

Superintendent of Insurance